
10/07/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GARY B. SULLIVAN, | § | Case No. 08-40885 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| | § | |
| MIDEAST FUND FOR MOROCCO LTD., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adv. Proc. No. 08-4104 |
| | § | |
| GARY B. SULLIVAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Gary B. Sullivan, an attorney, filed a frivolous lawsuit in federal district court. The United States District Court for the Northern District of Texas, Dallas Division, entered an order sanctioning Mr. Sullivan and his clients on March 18, 2005.[1] Mr. Sullivan subsequently filed for bankruptcy protection. The above-styled plaintiffs (who were the defendants in the federal lawsuit) filed a one-count adversary complaint averring that an award of $398,000.49 entered against Mr. Sullivan pursuant to the sanctions order is non-dischargeable under § 523(a)(6) of the Bankruptcy Code.[2] The plaintiffs contend they are entitled to summary judgment, arguing that the sanctions order establishes the elements of an exception to discharge.

---

[1] This decision was rendered by Judge Jane Boyle in a case styled *Skidmore Energy, Inc., et al. v KPMG, et al.*, Civil Action No. 3:03-CV-2138-B.

[2] Unless otherwise stated, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code.

1

## **BACKGROUND**

The relevant facts are contained in the substantial findings of fact and conclusions of law rendered by the district court in its sanctions order.  Skidmore Energy, Inc. and Geoscience International engaged in unsuccessful gas exploration activities in Morocco.  Mr. Sullivan, as counsel for Skidmore Energy, Inc. and Geoscience International, filed suit against 21 mostly foreign defendants for violations of the United States' Sherman Antitrust Act, 15 U.S.C. §§ 1-2, the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961 *et seq*., breach of fiduciary duty, aiding and abetting breach of fiduciary duty, libel, civil conspiracy, and fraud.  After all of these claims were dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, or failure to state a claim, the defendants in the federal lawsuit filed a motion for sanctions against the plaintiffs and their attorney pursuant to Federal Rule of Civil Procedure ("Rule") 11.

Due to the vague response by the plaintiffs to the Rule 11 motion, the district court scheduled a hearing for February 2, 2005.  Mr. Sullivan presented a "perplexingly vague" explanation of the legal and factual basis for the pleadings at the hearing.  The district court found that Mr. Sullivan had failed to prepare adequately for the hearing and, as a consequence, scheduled an evidentiary hearing to be held on February 28, 2005.

Despite the fact the Mr. Sullivan failed to file a witness and exhibit list as directed by the district court in its order scheduling the hearing, the district court allowed Mr. Sullivan to present evidence at the hearing on February 28, 2005.  Mr. Sullivan presented several witnesses.  The district court, however, concluded that the evidence failed to provide factual support for the plaintiffs' claims.

On March 18, 2005, the district court entered an order sanctioning Mr. Sullivan and his clients and awarding the defendants their reasonable attorneys' fees. The district court found that the bulk of the plaintiffs' claims appeared to have been instigated as a gamble that something might come of it. The district court further concluded that Mr. Sullivan's legal inquiry was insufficient and that a minimal amount of research would have revealed that his jurisdictional allegations and the allegations supporting his claims were deficient.

The district court stated in its order that the amount and apportionment of the fee award would be determined by a separate order. Two months later, the district court entered a second order awarding $530,667.32 to the defendants and apportioning 75% of the liability to Mr. Sullivan. Seventy-five percent of $530,667.32 is $398,000.49.

## JURISDICTION

This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. §§ 1334 and 157(a). The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (I), and (O).

## DISCUSSION

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. Here, since an

objecting creditor has the burden of proof in an action seeking to establish the nondischargeabity of a debt by a preponderance of the evidence, the plaintiffs must support their motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial.  *Celotex*, 477 U.S. at 331; *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

The plaintiffs in this adversary proceeding argue that the sanctions orders entered by the district court establishe all of the elements of a non-dischargeable debt under § 523(a)(6) of the Bankruptcy Code.  Section 523(a)(6)excepts from discharge debts for "willful and malicious injury by the debtor." 11 U.S.C. § 523.  In the Fifth Circuit, "[w]illful and malicious injury" requires either a subjective intent to cause harm or an objective substantial certainty of harm.  *See Raspanti v. Keaty (In re Keaty),* 397 F.3d 264, 273-74 (5th Cir. 2005) (citing *Miller v. J.D. Abrams, Inc. (In re Miller),* 156 F.3d 598, 606 (5th Cir. 1998)).

There is no dispute of fact that Mr. Sullivan intended the filing of the complaint in federal district court and the prosecution of the lawsuit begun by that complaint.  In their motion for summary judgment, the plaintiffs focus on the district court's statements that the complaint filed by Mr. Sullivan was a "gamble" and that Mr. Sullivan acted with "reckless willingness to impose the burden of unwanted litigation upon others."  The plaintiffs argue that these statements are a finding of an objective substantial certainty of injury and, therefore, that collateral estoppel precludes the litigation of this issue in this adversary proceeding.

Collateral estoppel applies when (1) the issue at stake in the pending litigation is the same as the issue in the initial litigation, (2) the issue was actually litigated, and (3)

the determination of the issue in the initial litigation was a necessary part of the judgment. *Pace v. Bogalusa City Sch. Bd.,* 403 F.3d 272, 290 (5th Cir. 2005). Here, Mr. Sullivan's actions and the resulting injury to the plaintiffs were fully and fairly litigated in the federal district court. However, the district court evaluated Mr. Sullivan's compliance with Rule 11 using an objective, not subjective, standard of reasonableness under the circumstances.[3] *See Thomas v. Capital Sec. Servs.,* 836 F.2d 866, 873 (5th Cir. 1988) (en banc); *Childs v. State Farm Mut. Auto Ins. Co.,* 29 F.3d 1018, 1023-24 (5th Cir. 1994). Moreover, the district court's finding that Mr. Sullivan acted recklessly is insufficient to establish a non-dischargeable liability under § 523(a)(6). *See Kawaauhau v. Geiger,* 523 U.S. 57, 64 (1998) ("[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6).").

For the foregoing reasons, the Court concludes that the federal district court's sanctions orders do not establish whether Mr. Sullivan acted "willfully and maliciously" within the meaning of § 523(a)(6). The Court will enter a separate order consistent with this Memorandum Opinion.

Signed on 10/7/2009

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

---

[3] Rule 11(b) provides in pertinent part that, by presenting a complaint to the court, the attorney signing or filing the complaint "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... (2) claims, defenses, and other legal defenses are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." FED.R.CIV.P. 11(b)(2) - (3).